PETTINGILL *versus* PATTERSON, *Executor.*

A bond, given to two persons, is not rendered inoperative by the previous decease of one of them.

It is available to the survivor.

It is no defence to an action upon a bond, that the fulfilment of it is also charged upon real estate.

DEBT on bond, given to Howard Pettingill and Anne, his wife, and the survivor of them, by the defendant's testator, and four other persons. The obligors were the children of said Howard. The bond was conditioned to furnish support and comfort to his wife, during her lifetime. This action is brought by her.

The said Howard devised his lands to several of his children in different proportions, and charged the lands with the performance of the bond. The will was dated in February. The bond was dated and executed in March, more than a month after the death of said Howard, and it recites that the said Howard had, on the day of its date, devised his estates to the obligors, upon the understanding they should maintain his said wife.

If the action can be maintained upon these agreed facts, the case is to go to a jury to fix the damage, otherwise the plaintiff is to become nonsuit.

*Lancaster & Baker*, for the plaintiff.

*Vose*, for the defendant.

At the time of executing the bond, Howard Pettingill was dead, and the plaintiff was no longer his wife. There were then no obligees, and the bond was a nullity. There was no consideration for it.

Again, the recitation contained in the bond, as to the devise to the obligors, was an impossibility. The bond was therefore void.

The will charges the testator's lands, and gives the executor power to sell, in order that this bond should be fulfilled. To that remedy, provided in the will, the plaintiff must resort.

State *v.* Shaw.

Wells, J., orally. — No authority is shown, nor do we see how the position could be maintained, that a bond, given to two persons, one of whom had previously died, is therefore inoperative. It fails only as to one. It is not defeated as to the survivor.

It is said there was no consideration for the bond. But the seal sufficiently evidences a consideration. Besides there was an ample consideration in the devises and legacies of the will, given on condition that this very bond should be fulfilled.

Again, it is said the bond cannot support an action, because the fulfilment of it was charged upon the real estate. That was but an alternative mode of enforcing it; a mere cumulative remedy. There is no ground for the defence.

*Continued for trial.*